NO. 07-07-0198-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 30, 2007

_____


JUAN DANIEL MORALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-061-107; HONORABLE H. BRYAN POFF, JR., JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following pleas of guilty, Appellant, Juan Daniel Morales, was convicted of one count of aggravated sexual assault and one count of sexual assault and sentenced to twenty years confinement. The *Trial Court's Certification of Defendant's Right to Appeal* reflects that Appellant agreed to a plea bargain and has no right of appeal. The

certification further reflects that Appellant has waived his right of appeal. The trial court imposed Appellant's sentence on March 23, 2007. No motion for new trial was filed. On May 14, 2007, Appellant, proceeding pro se, filed a "*Motion for Notice of Appeal.*" We dismiss for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Where, as here, no motion for new trial was filed, the notice was due within thirty days after the date sentence was imposed. Tex. R. App. P. 26.2(a)(1). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

The trial court imposed Appellant's sentence on March 23, 2007, setting the deadline in which to file a notice of appeal at Monday, April 23, 2007.[1] The Texas Rules of Appellate Procedure provide a fifteen day extension in which to file a notice of appeal. Tex. R. App. P. 26.3. However, Appellant's notice, which was filed on May 14, 2007, also failed to meet that deadline. Rule 2 of the Texas Rules of Appellate Procedure, which authorizes this Court to suspend the operation of a rule for good cause, does not permit the suspension of the time limit for perfecting an appeal. *Slaton*, 981 S.W.2d at 209-10.

---

[1]The thirtieth day fell on Sunday, April 22, 2007, but was extended to the following day pursuant to Rule 4.1(a) of the Texas Rules of Appellate Procedure.

Consequently, this purported appeal is dismissed for want of jurisdiction.


Patrick A. Pirtle
Justice


Do not publish.